**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

K.V.,

               Plaintiff,

    v.

SEVILLE MOTEL,

               Defendant.

Civil Action No.: 25-2130

**OPINION & ORDER**

**CECCHI, District Judge.**

Before the Court is defendant Seville Motel's ("Defendant" or "Seville Motel") motion to dismiss (ECF No. 7 ("Br.")) plaintiff K.V.'s ("Plaintiff") first amended complaint. ECF No. 6 ("FAC"). Defendant also requests, in the alternative, an order requiring Plaintiff to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Br. at 14. Plaintiff opposed the motion. ECF No. 11 ("Opp."). The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion to dismiss and request for a more definite statement are denied.

I.      **BACKGROUND**[1]

    A.    **Factual History**

Plaintiff is a resident of New York who was born in 1999. FAC ¶¶ 7–8. She asserts that she was sex trafficked at the Seville Motel in New Jersey for approximately two years beginning in 2014, when she was fifteen years old. *Id.* ¶¶ 15–16. During this time, Plaintiff's trafficker ("the Trafficker") "plied her with drugs, specifically MDMA, to traffic[] Plaintiff and to keep her from leaving the [motel]." *Id.* ¶ 17. She was only able to escape after she became pregnant and had a

---

[1] The following facts are accepted as true for the purposes of the motion to dismiss.

miscarriage in a room at the Seville Motel in 2016, when she was seventeen years old. *Id.* ¶¶ 15–16, 24–25. Plaintiff subsequently reported that she was a victim of sex trafficking to police in New York, who put her in contact with a New York-based organization that provides "social services to girls who have experienced commercial sexual exploitation and domestic sex trafficking." *Id.* ¶ 26.

Plaintiff asserts that not only is sex trafficking a common and well-known issue within the hotel industry generally, *id.* ¶¶ 30–36, but that the owner of Defendant ("the Owner") was aware of her being sex trafficked in particular. She alleges that the Owner provided the Trafficker with discounted or free rooms and had sex with other trafficked females himself. *Id.* ¶¶ 18, 20. Further, the Owner's wife would walk around the premises and observe "drugged and underage girls" on the property. *Id.* ¶ 23. Additionally, Defendant's staff witnessed "red flags" indicative of sex trafficking. These signs included that there was heavy foot traffic around the room rented for Plaintiff; that her and other victims were visibly injured and under the influence of drugs or alcohol; that suspicious individuals were loitering around the motel premises and outside her room; and that the Trafficker would "shadow[]" Plaintiff whenever she moved around the hotel. *Id.* ¶¶ 70–71. The staff allegedly also interacted with the Trafficker and "act[ed] as lookout(s)" for the Trafficker. *Id.* ¶ 60. Further, she asserts that the Owner was specifically aware that she was a minor because she told him so. *Id.* ¶ 19.

The Owner allegedly "derived a pecuniary benefit from" permitting this trafficking to occur "by way of consistently rented rooms." *Id.* ¶ 22. Moreover, Defendant enabled the sex trafficking by repeatedly renting rooms to the Trafficker despite the above warning signs that such trafficking was occurring. *Id.* ¶ 39. Thus, according to Plaintiff, the Seville Motel "knowingly benefited" from her sex trafficking. *Id.* ¶ 54.

### B.      Procedural History

Plaintiff asserts three causes of action in the FAC:  (1) violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595; (2) violation of the Child Abuse Victims Rights Act ("CAVRA"), 18 U.S.C. § 2255; and (3) common law negligence, gross negligence, and recklessness.  FAC ¶¶ 46–86.  Defendant now moves to dismiss all three claims.  ECF No. 7.

## II.      LEGAL STANDARD

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  A claim is facially plausible when supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  A complaint that contains "a formulaic recitation of the elements of a cause of action" supported by mere conclusory statements or offers "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice.  *Id.* (citation omitted).  In evaluating the sufficiency of a complaint, the court accepts all factual allegations as true, draws all reasonable inferences in favor of the non-moving party, and disregards legal conclusions.  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231–34 (3d Cir. 2008).

## III.      DISCUSSION

### A.      Motion to Dismiss

Defendant raises three arguments to dismiss Plaintiff's claims.  First, it argues that Plaintiff has failed to state a TVPRA claim.  Br. at 4–9.  Second, Defendant contends that because Plaintiff's CAVRA claim is premised upon her TVPRA claim, the dismissal of the latter requires dismissal of the former.  *Id.* at 11.  Third, it argues that Plaintiff's negligence claim is barred by the statute of limitations.  *Id.* at 12–14.

3

       *i.*     *TVPRA Claim*

The TVPRA imposes criminal liability on anyone who "knowingly . . . recruits, entices, harbors, transports, provides, obtains, . . . maintains, patronizes, or solicits by any means a person." 18 U.S.C. § 1591(a)(1). As relevant here, the TVPRA also provides that "a victim of a violation" of the act's criminal provision "may bring a civil action against . . . whoever knowingly benefits, or attempts or conspires to benefit, . . . from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter[]." *Id.* § 1595(a). To state this "beneficiary liability" claim,[2] Plaintiff "must plausibly allege that the defendant (1) 'knowingly benefit[ted] financially or by receiving anything of value, (2) from participation in a venture, (3) that defendant knew or should have known has engaged in sex trafficking under section 1591'" as to Plaintiff. *Doe (C.J.) v. Cotugno*, No. 23-2973, 2024 WL 4500994, at *3 (D.N.J. May 16, 2024) (citation omitted). Defendant argues that Plaintiff has not adequately alleged the second and third elements of this claim. Br. at 4–9.

       *a.*     *Participation in a Venture*

---

[2] A TVPRA victim can also bring a claim based on "perpetrator liability," which mirrors the act's criminal provision. *See Doe (K.E.C.) v. G6 Hosp., LLC*, 750 F. Supp. 3d 719, 728 (E.D. Tex. 2024) ("Proof of the[] elements [of a criminal violation under § 1591] . . . support[s] civil perpetrator liability."). The parties dispute whether Plaintiff has plausibly pled a claim for "direct perpetrator liability." *See* Br. at 9–11; Opp. at 14–16. The FAC, however, implicitly declines to assert this claim. After describing the three distinct causes of action under the TVPRA, including the direct perpetrator claim the parties discuss, the FAC states that "[this] lawsuit is applicable to prong three, i.e. a beneficiary claim." FAC ¶ 52. Plaintiff therefore does not actually assert a direct perpetrator claim against Defendant. Accordingly, the Court declines to consider the parties' arguments concerning this unpled claim. *See Love v. Does*, No. 17-1036, 2019 WL 397001, at *4 n.5 (D.N.J. Jan. 31, 2019) (declining to "consider claims that were not alleged in the complaint"). The Court will allow Plaintiff to further amend her FAC to the extent that she wishes to raise a direct perpetrator claim. *See* Fed. R. Civ. P. 15 ("The court should freely give leave [to amend] when justice so requires.").

A "'venture' under § 1595 'is an undertaking or enterprise involving risk and potential profit.'" *Doe (M.J.J.) v. Wyndham Hotels & Resorts, Inc.*, No. 24-6490, 2025 WL 342092, at *3 (D.N.J. Jan. 30, 2025) (quoting *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 724–25 (11th Cir. 2021)). This venture, however, "'need not be specifically a sex trafficking venture,' but rather can be a commercial venture." *Cotugno*, 2024 WL 4500994, at *3 (quoting *G.G. v. Salesforce.com*, 76 F.4th 544, 554 (7th Cir. 2023)). As long as "a TVPRA violation is within the scope of the venture, a defendant can 'participate' commercially and still be held liable." *Id.* To show participation in a venture, Plaintiff "must allege 'a continuous business relationship between the trafficker and the hotel[] such that it would appear that the trafficker and the hotel[] have established a pattern of conduct or could be said to have a tacit agreement.'" *Id.* (quoting *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 970 (S.D. Ohio 2019)).

Plaintiff has plausibly pled this element. She alleges that Defendant participated in a commercial venture with her Trafficker whereby it received a profit from renting rooms to the Trafficker that were used to sexually exploit Plaintiff and other victims. FAC ¶¶ 54–67. Further, Plaintiff asserts that Defendant continued renting rooms to her Trafficker, which "facilitat[ed]" sex trafficking activities, despite warning signs that such activity was occurring. FAC ¶ 74. These allegations suffice at this stage to plausibly indicate that Defendant participated in a venture with the Trafficker. *See Cotugno*, 2024 WL 4500994, at *4 (finding sufficient to plausibly plead participation in a venture allegations that the defendant received a profit from repeatedly renting rooms to the traffickers to sex traffic the plaintiff and others); *J.G. v. Northbrook Indus., Inc.*, 619 F. Supp. 3d 1228, 1235–36 (N.D. Ga. 2022) (finding that the plaintiff sufficiently alleged participation in a venture where she asserted that the operator of the hotel continued to rent rooms to known traffickers); *M.J.J.*, 2025 WL 342092, at *3 (finding that the plaintiff sufficiently alleged

participation in a venture where she asserted that the defendants repeatedly rented rooms to the traffickers). Finally, Defendant's contention that it did not have "actual knowledge of any alleged sex trafficking of Plaintiff," Br. at 5, does not compel a different conclusion because such knowledge is not required to participate in the venture. *See A.B. v. Wyndham Hotel & Resorts, Inc.*, No. 24-1588, 2025 WL 1920417, at *4 (M.D. Pa. July 11, 2025) (noting that participating in a venture "does not require actual knowledge of participation in sex trafficking itself" (citation omitted)); *E.B. v. Howard Johnson by Wyndham Newark Airport*, No. 21-2901, 2023 WL 12053001, at *8 (D.N.J. Dec. 29, 2023) ("Defendants need not have actual knowledge of the sex trafficking to have participated in the sex trafficking venture for civil liability under the TVPRA . . . ."); *A.W. v. Red Roof Inns, Inc.*, No. 21-4934, 2022 WL 17741050, at *8 (S.D. Ohio Dec. 16, 2022) ("[P]articipation in a venture under § 1595 does not require actual knowledge of trafficking crimes . . . ."). Accordingly, Plaintiff has plausibly pled this element of her beneficiary liability claim.[3]

### b.    Actual or Constructive Knowledge of Plaintiff's Trafficking

"The defendant must have either actual or constructive knowledge that the venture—in which it voluntarily participated and from which it knowingly benefited—violated the TVPRA as to the plaintiff." *Cutogno*, 2024 WL 4500994, at *4 (citing *Red Roof Inns*, 21 F.4th at 725). "Constructive knowledge in the TVPRA context can be defined as that knowledge which one using reasonable care or diligence should have." *Id.* (internal quotation marks omitted) (quoting *Red*

---

[3] Defendant also faults Plaintiff for not identifying "any specific dates of her stay at the Seville Motel" or "any precise facts as to the dates of room bookings or interactions with staff, or the frequency of the same." Br. at 6. Defendant does not cite any authority indicating that such information is necessary to survive a motion to dismiss on this claim, particularly in the circumstances here, where Plaintiff asserts that she was trafficked nearly a decade ago as a juvenile and "plied [] with drugs" by her Trafficker. FAC ¶¶ 16–17.

*Roof Inns*, 21 F.4th at 725).  "In other words, constructive knowledge is akin to a negligence standard."  *Id.* (citing *M.A.*, 425 F. Supp. 3d at 965–66).

Plaintiff has plausibly pled that Defendant had at least constructive knowledge of Plaintiff's trafficking.  In addition to alleging the prevalence of sex trafficking in the hotel industry, FAC ¶¶ 30–36, she provides specific assertions concerning numerous "red flags" that would have made her sex trafficking obvious to Defendant.  First, Plaintiff alleges that there were clear signs that trafficking was occurring on the premises:  the Owner provided the Trafficker with discounted or free rooms and had sex with other trafficked females; the Owner's wife saw "drugged and underage girls . . . constantly on the premises"; the hotel's staff observed trafficked victims on the hotel grounds who were visibly injured and under the influence of drugs or alcohol; and the hotel staff also observed, among other things, suspicious foot traffic around the rooms rented by the Trafficker.  FAC ¶¶ 18, 20, 23, 70–71.  Second, Plaintiff asserts that there were clear signs that she herself was a victim of that trafficking:  Plaintiff was between fifteen and seventeen years old; the Owner knew that Plaintiff was a minor because she told him so; Plaintiff was "plied . . . with drugs . . . to keep her from leaving the [motel]"; and she was unable to "escape" the motel until she had a miscarriage in one of the rooms.  FAC ¶¶ 16–17, 19, 24–25.  These collective allegations are sufficient to plausibly show Defendant's constructive knowledge of Plaintiff's trafficking by the venture.  *See, e.g.*, *M.J.J.*, 2025 WL 342092, at *1, *4 (finding allegations sufficient to plausibly show constructive knowledge of plaintiff's trafficking where the traffickers paid for hotel rooms in cash or prepaid cards, other victims were trafficked at the same hotel, the traffickers were often present with the plaintiff at check in and would linger around her hotel room, and there was heavy foot traffic around her hotel room by men who were not hotel guests); *D.H. v. Tucker Inn Inc.*, 689 F. Supp. 3d 1304, 1310–11 (N.D. Ga. 2023) (finding allegations sufficient to plausibly

7

show constructive knowledge of plaintiff's trafficking based on the plaintiff's age and inappropriate appearance, her visible fatigue and injuries, her failure to make eye contact with others, her solicitation of male patrons, and the number of men visiting her room).  Accordingly, Defendant's motion to dismiss the TVPRA beneficiary claim based on either a failure to plead participation in a venture or knowledge of Plaintiff's trafficking is denied.

        *ii.*    *CAVRA Claim*

CAVRA provides that

> Any person who, while a minor, was a victim of a violation of section . . . 1591 . . . and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

18 U.S.C. § 2255(a).  Defendant contends that Plaintiff's CAVRA claim fails because it is predicated on a deficient TVPRA claim.  Br. at 11.  As the Court has concluded that Plaintiff stated a beneficiary liability claim under the TVPRA, Defendant's motion to dismiss the CAVRA claim is denied.  *See L.M.H. v. Red Roof Inns*, No. 24-1823, 2025 WL 961720, at *17 (S.D. Ohio Mar. 31, 2025) (finding that CAVRA permits plaintiffs to sue those who, as alleged of Defendant here, benefited from a TVPRA violation); *S.C. v. Hilton Franchise Holding LLC*, No. 23-2037, 2024 WL 4773981, at *9 (D. Nev. Nov. 12, 2024) (denying a defendant's motion to dismiss a CAVRA claim where the plaintiff had plausibly pled a TVPRA beneficiary liability claim against that defendant).

        *iii.*    *Negligence*

Under New Jersey law, the statute of limitations for negligence is normally two years. *Reeves v. Cnty. of Bergen*, No. 18-14061, 2023 WL 8520742, at *5 (D.N.J. Dec. 8, 2023) (citing N.J. Stat. Ann. § 2A:14-2).  If a person suffers an alleged injury from negligence as a minor, the

8

limitations period does not run until they reach the age of majority—eighteen. N.J. Stat. Ann. § 2A:14-21. The FAC states that Plaintiff was born in 1999. FAC ¶ 8. Thus, under normal circumstances, her negligence claim would be barred if filed after 2019, two years after she turned eighteen.

New Jersey law, however, expands the limitations period for injuries caused by certain crimes against minors:

> Every action at law for an injury resulting from . . . [a] *crime of a sexual nature . . . against a minor under the age of 18 . . . shall be commenced within 37 years after the minor reaches the age of majority.*

N.J. Stat. Ann. § 2A:14-2a(1) (emphasis added). Defendant contends that this provision does not apply and therefore the limitations period expired in 2019, two years after Plaintiff turned eighteen. Br. at 12–14. Specifically, it argues that the allegations concerning any "crime of a sexual nature" are deficient. *Id.* at 13.

But Defendant does not elaborate on how such allegations are deficient. Although it argues elsewhere, as discussed above, that Plaintiff failed to plead certain elements of her TVPRA claim that concerned Defendant's conduct, it never contests that Plaintiff was a victim of a "crime of a sexual nature"—sex trafficking. Nor could it do so successfully, as Plaintiff provides well-pled assertions that she was sex trafficked and suffered injuries as a result. FAC ¶¶ 16–25, 79, 82. Accordingly, the allegations in the FAC are sufficient to entitle Plaintiff to the expanded limitations period at this stage. And given that Plaintiff reached the age of eighteen in approximately 2017, the statute of limitations for her negligence claim would run under section 2A:14-2a(1) until 2054. This claim is therefore timely based on the assertions in the FAC and Defendant's motion to dismiss on this ground is denied.

**B.      Motion for a More Definite Statement**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  To obtain a more definite statement, "the pleading must be so unintelligible that a court cannot determine one or more potentially valid claims on which a party may proceed." *Fenner v. Hannah*, No. 15-2393, 2017 WL 1078176, at *3 (M.D. Pa. Mar. 22, 2017).  "Whether to grant a motion under Rule 12(e) is a matter committed largely to the discretion of the district court." *CAN Cmty. Health, Inc. v. N.J. Aids Servs., Inc.*, No. 23-22376, 2024 WL 2180363, at *5 (D.N.J. May 15, 2024) (citation omitted). Defendant requests a more definite statement "regarding the circumstances and precise, complete dates related to her alleged trafficking at the Seville Motel."  Br. at 14.

As the Court has already determined that Plaintiff adequately alleged her TVPRA beneficiary liability claim, it declines to exercise its discretion to order a more definite statement. *See In re Subaru Battery Drain Prods. Liab. Litig.*, No. 20-3095, 2021 WL 1207791, at *32 (D.N.J. Mar. 31, 2021) (denying a request for a more definite statement where the court concluded that the plaintiffs had adequately stated a claim for relief); *Glenz v. RCI, LLC*, No. 09-378, 2010 WL 323327, at *6 (D.N.J. Jan. 20, 2010) (same).  Defendant's biggest issue with the FAC appears to be that Plaintiff did not identify "any specific dates of her stay at the Seville Motel" or "any precise facts as to the dates of room bookings or interactions with staff, or the frequency of the same."  Br. at 6.  The absence of such information is reasonable at this juncture, given that Plaintiff alleges that she was trafficked nearly a decade ago as a juvenile and "plied [] with drugs" by her Trafficker. FAC ¶¶ 16–17.  Moreover, Defendant cites no authority to "suggest[] that Rule 12(e) requires Plaintiff" to plead the specific details it requests. *CAN Cmty. Health*, 2024 WL 2180363, at *5. Additionally, the FAC alleges the time period in which she was regularly at the hotel and interacted

10

with the Owner, FAC ¶¶ 15, 17, 19, 25, and is thus not "so unintelligible that a court cannot determine one or more potentially valid claims on which a party may proceed." *Fenner*, 2017 WL 1078176, at \*3; *see also Marcial-Delima v. Easton Doughnuts*, No. 16-2631, 2017 WL 1092337, at \*7 (E.D. Pa. Mar. 23, 2017) (declining to order a more definite statement where "[t]he time frame at issue, the nature of the alleged violations, and the individuals alleged to have committed those violations, are all sufficiently clear from the amended complaint"). Accordingly, Defendant's request for a more definite statement is denied.

## IV.   CONCLUSION

Accordingly, for the reasons stated above, **IT IS** on this 29th day of April, 2026;

**ORDERED** that Defendant's motion to dismiss (ECF No. 7) is **DENIED**; and it is further

**ORDERED** that Defendant's request, in the alternative, for a more definite statement is **DENIED**; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit a further amended complaint for the sole purpose of setting forth a claim for "direct perpetrator liability" under the TVPRA, to the extent she seeks to assert such a claim. Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2).

**SO ORDERED.**

*s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**